UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

Hiago Vinicius De Lima Goncalves,
        Petitioner

        v.                                    Case No. 26-cv-311-SM-TSM
                                              Opinion No. 2026 DNH 054

David Wesling, Boston Field Office
Director, U.S. Immigration and Customs
Enforcement and Removal Operations ("ICE/ERO");
Antone Moniz, Superintendent, Plymouth County
Correctional Facility; Todd Lyons,
Acting Director of U.S. Immigration Customs
Enforcement ("ICE"); Markwayne Mullin,
Secretary of the Department of Homeland Security
("DHS"); U.S. Dept. of Homeland Security; and
Todd Blanche, Acting Attorney General of the United
States,
        Respondents


**O R D E R**


    Hiago Vinicius De Lima Goncalves petitions the court for an order directing respondents to release him immediately from ICE custody or, in the alternative, an order directing the federal respondents to provide him with a prompt, constitutionally-adequate bond hearing before a neutral decisionmaker.  See generally 28 U.S.C. § 2241.  The federal respondents object, asserting the Goncalves is subject to mandatory detention pursuant to 8 U.S.C. § 1225(b) and not entitled to a bond hearing.

For the reasons discussed, as well as those set forth in Destino v. Warden, FCI Berlin, 2025 WL 4010424, 2025 DNH 149 (D.N.H. Dec. 24, 2025), Goncalves' petition is granted to the extent it seeks a constitutionally-adequate bond hearing.

**Background**

Goncalves is a native and citizen of Brazil who is currently detained by U.S. Immigration and Customs Enforcement (ICE) at the Strafford County House of Corrections in Dover, New Hampshire.

Goncalves entered the United States in 2010 and was placed into removal proceedings before an Immigration Judge in Houston, Texas. In April of 2010, the IJ granted Goncalves voluntary departure under to 8 U.S.C. § 1229c and he subsequently left the country pursuant to that order. About three years later, in 2013, Goncalves re-entered the country without inspection. For roughly 13 years, he has lived freely in the United States, settled in Massachusetts, married a U.S. Citizen, and currently has a pending visa petition filed on his behalf by his spouse - that is, a Form I-130 Petition for Alien Relative - which has been approved by USCIS.

2

On April 16, 2026, Goncalves was arrested by ICE agents in Norwood, Massachusetts, and remains in detention.  He was originally held at the ICE field office in Burlington, Massachusetts, but subsequently transferred to the Strafford County House of Corrections in Dover, New Hampshire. Accordingly, his petition, which was filed in the United States District Court for the District of Massachusetts, was transferred to this court.

### Discussion

The primary dispute between the parties is focused on the statutory basis for Goncalves' detention.  The government asserts that his detention is governed by 8 U.S.C. § 1225(b) and, therefore, subject to mandatory detention.  That is to say, the government denies that Goncalves is entitled to a bond hearing.  Goncalves, on the other hand, says his detention is subject to 8 U.S.C. § 1226(a) and, therefore, he claims he is entitled to a bond hearing at which the government bears the burden of demonstrating by clear and convincing evidence that his is a danger to the community, or by a preponderance of the evidence that he is a flight risk, to justify his continued detention.

But, as the government acknowledges, this court recently concluded that even those noncitizens who are ostensibly held pursuant to 8 U.S.C. § 1225 have a Due Process right to a bond hearing.

> [T]he Due Process Clause requires a hearing at which the government is held to its burden regardless of whether the government classifies a noncitizen as detained under § 1225 or § 1226(a).  Here, Destino has a due process right to an individualized bond hearing, and neither the legislature nor the executive can strip him of that right by classifying him as detained under § 1225.

Destino v. FCI Berlin, No. 1:25-CV-374-SE-AJ, 2025 WL 4010424, at *9 (D.N.H. Dec. 24, 2025) (citations omitted).  Although the government maintains that Destino was wrongly decided, it does - to its credit - acknowledge that Goncalves is entitled to a bond hearing if the court applies the reasoning in Destino to the facts presented in this case.  See Government's Objection (document no. 20) at 2, 10.

### Conclusion

Because the reasoning in Destino applies in this case, Goncalves' petition is granted, in part.  The respondents are ordered to provide the petitioner with a constitutionally-adequate bond hearing before an IJ as soon as practicable, at which the government will bear the burden to either: (1) prove

by a preponderance that Goncalves is a flight risk; or (2) prove by clear and convincing evidence that he poses a danger to the community.  See Destino, 2025 WL 4010424 at *8.  See also Hernandez-Lara v. Lyons, 10 F.4th 19, 41 (1st Cir. 2021).

If the government fails to provide a bond hearing, the court will set appropriate terms and conditions of the petitioner's release during the pendency of his removal proceedings.

To the extent petitioner seeks an order directing his immediate release, that request is denied without prejudice, as the court finds that a bond hearing before an IJ is sufficient to protect his rights at this stage.  The government shall file a status report within fourteen days.

**SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

May 7, 2026

cc:  Counsel of Record